## STATE, JARDAIN, PROSECUTOR, v. FAIRTON SAVING FUND AND BUILDING ASSOCIATION.

Money due for pensions, while it remains in the hands of the disbursing officer or agent for distribution, or while in course of transmission to the pensioner, is not liable to be seized by creditors under any legal process. After it has come to his hands it is so liable, like any other funds of the debtor.

On *certiorari* to the Cumberland Common Pleas.

Argued at February Term, 1882, before Justices SCUDDER and KNAPP.

For the plaintiff, *John T. Bird.*

For the defendant, *W. E. Potter.*

The opinion of the court was delivered by

KNAPP, J. The *certiorari* brings up supplementary proceedings had in the Common Pleas of Cumberland county upon a judgment against the prosecutor in favor of the defendant in *certiorari*. The only question in the case is, whether money in the Cumberland National Bank to the credit of the prosecutor, the defendant in execution, was liable to sequestration for the payment of the judgment, it being the proceeds of a pension given by the federal government to the prosecutor. A draft for the amount of the pension, ($800), had, by the proper department, been transmitted to the prosecutor, was endorsed and delivered to the Cumberland National Bank, and $200 of the amount paid to the prosecutor

in cash, and the remaining $600 left there to his credit on deposit, to be drawn by him by check in the ordinary course of business. The draft was subsequently collected by the bank.

By the thirty-third section of act of congress March 3d, 1873, being section 4747 of the Revised Statutes of the United States, it is provided " that no sum of money due or to become due to any pensioner, shall be liable to attachment, levy or seizure, by or under any legal or equitable process whatever, whether the same remains with the pension office or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall enure wholly to the benefit of such pensioner." Under this legal provision it is contended on behalf of the prosecutor that funds so proceeding are to be held sacred and protected from creditors, even in the hands of the beneficiary, so long as they can be identified. But, obviously, I think such a purpose is outside of the scope of the legislative intention. The fund is not placed in his hands as a trust, but it is, in the language of the act, to enure wholly to the benefit of the pensioner, and the section quoted does no more than to protect it and prevent interference in any way while it is in the custody of the United States, or any of its officers or agents appointed for its distribution, or while it is in the course of transmission from them to the party entitled to receive it. The money would probably have this immunity from the claim of creditors, irrespective of the act mentioned. *Buchanan* v. *Alexander*, 4 *How.* (*U. S.*) 20 ; *Elwin's Appeal*, 67 *Penna. St.* 367, and cases there cited. When it comes to him in hand or personal control, it is his money as effectually and for all purposes as the proceeds of his work and labor would be, and whether he expends it in new contracts, or it be taken to pay the consideration due from him for those of the past, it equally enures to his benefit.

I think there is no error in the order below, and the *certiorari* should be dismissed.